UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SEAN SPIRES,<br><br>Plaintiff,<br><br>vs.<br><br>(1) VELOCITY INVESTMENTS, LLC,<br><br>Defendant. | CIV-16-1258-R<br><br>**COMPLAINT**<br>(Unlawful Debt Collection Practices)<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, Sean Spires, and for his Complaint against Defendant, Velocity Investments, LLC ("Velocity"), alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Velocity for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

>   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> (d) **Interstate commerce**
>
>   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

> (e) **Purposes**
>
>   It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Elmore City, County of Garvin, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendants are each a "debt collector" as that term is defined by 15 U.S.C.

1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Velocity is a collections business with an office in Wall Township, New Jersey. Velocity purchases defaulted consumer debt then attempts to collect on such debt through telephone calls, letters, and lawsuits.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about November 25, 2015, Defendant filed a lawsuit against Plaintiff seeking to collect on an alleged defaulted consumer debt, styled *Velocity Investments LLC vs. Sean Spires*, McClain County Case No. CS-2015-239 (the "State Court Action").

12. On January 29, 2016, Plaintiff, through Counsel, filed an Answer to the State Court Action.

13. On February 5, 2016, Attorney for Plaintiff sent a fax to Defendant's Counsel, Love, Beal, and Nixon, PC ("LBN"), confirmed received on the same date, stating that he would henceforth be representing Plaintiff. Plaintiff also noted in this fax that he had disputed the alleged debt.

14. On March 21, 2016, Defendant dismissed the State Court Action against Plaintiff.

15. Despite Defendant having prior knowledge of Plaintiff's representation by Counsel by Answer and facsimile, on August 2, 2016, Northland Group Inc., on behalf of Defendant, sent a letter to Plaintiff seeking and demanding payment for the same alleged debt.

16. On September 5, 2016, a second letter was sent to Plaintiff by Northland Group Inc. on behalf of Defendant, again seeking and demanding payment for the same alleged debt.

17. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, frustration, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to violation of:

a) §1692c(a)(2) of the FDCPA by communicating with Plaintiff through written correspondence when Defendant was aware of the name and address of the attorney representing Plaintiff.

## COUNT II
## INVASION OF PRIVACY

19. Plaintiff is entitled to recover damages for the Oklahoma common law claim of invasion of privacy. Defendant's actions of contacting Plaintiff directly after it was aware that he was represented by legal counsel constituted invasion of his privacy as it was an intrusion upon his seclusion.

20. Such inclusion was intentional (or was with reckless disregard), was without Plaintiff's consent, and would be considered highly offensive to a reasonable person.

21. Plaintiff is entitled to recover damages in an amount exceeding $10,000.00 for his common law invasion of privacy claim.

WHEREFORE, Plaintiff, Sean Spires, respectfully prays that judgment be entered against Defendant, Velocity Investments, LLC, for the following:

a) Statutory damages of $1,000.00 against each Defendant, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Damages for Plaintiff's common law invasion of privacy claim;

d) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

e) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNTLAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
2604@paramount-law.net